# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1228V
**Filed: May 11, 2017**
Unpublished

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
DIANE RIDDLE,                              *
                                           *
              Petitioner,                  *
v.                                         *
                                           *    Attorneys' Fees and Costs;
SECRETARY OF HEALTH                        *    Special Processing Unit ("SPU")
AND HUMAN SERVICES,                        *
                                           *
              Respondent.                  *
                                           *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*F. John Caldwell, Jr.,* Maglio Christopher and Toale, PC, Sarasota, FL, for petitioner.
*Alexis B. Babcock,* U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 21, 2015, Diane Riddle ("petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barré Syndrome ("GBS") as a result of receiving the influenza ("flu") vaccine on August 26, 2014. On November 16, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation. (ECF No. 30).

On April 13, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 35). Petitioner requests attorneys' fees in the amount of $30,332.30 and attorneys' costs in the amount of $2,774.97 for a total amount of $33,107.27. *Id.* at 2. In

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compliance with General Order #9, petitioner has filed a signed statement indicating she incurred no out-of-pocket expenses. Exhibit 16.

On April 28, 2017, respondent filed a response to petitioner's motion. (ECF No. 36). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. On May 9, 2017, petitioner untimely filed a reply. (ECF No. 37).

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates, except for the following entries.

Petitioner requests the full hourly rate for time petitioner's counsel spent traveling. In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.*

Petitioner properly separates the time spent by petitioner's counsel traveling to and from his meeting with petitioner from the time spent in the meeting. *Compare* Exhibit 14 at 5 (travel entries, dated Nov. 19, 20, 22, 2015) *with* Exhibit 14 at 5 (meeting entry, dated Nov. 20, 2015). Petitioner does not indicate that petitioner's counsel performed any substantive work during the 11.2 travel hours, which included flights and ground travel. *Id.* Petitioner is awarded attorneys' fees at a rate which is 50 percent of petitioner's counsel's normal rate for this travel time. *Id.* Thus, the award of attorneys' fees is reduced by $1,680.00.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs, minus the noted reduction.

**Accordingly, the undersigned awards a total of $31,427.27,[3] representing reimbursement for all attorneys' fees and costs, in the form of a check jointly payable to petitioner and petitioner's counsel, F. John Caldwell, Jr.[4]**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Petitioner requests that the check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, FL 34236.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.